SHORTESS, Judge,
concurring.
The trial judge found that LSA-R.S. 47:332(A) was neither suspended, amended, nor repealed by H.C.R. # 55, but that H.C. R. # 55 suspended exemptions from the 1% tax levied by LSA-R.S. 47:331. However, he reasoned that LSA-R.S. 47:305.29 was a limitation rather than exemption and thus was not suspended by H.C.R. # 55. The majority opinion fails to address that distinction.
LSA-R.S. 47:305.29 says, simply, that additional sales and use taxes “shall not apply’’ to the state, or to various local governmental subdivisions. LSA-R.S. 47:332 makes that language applicable to the additional 1% tax levied by LSA-R.S. 47:331, saying that the tax “shall be subject to the same definitions, exemptions, tax credits, penalties, and limitations now or hereafter prescribed in Chapter 2.” LSA-R.S. 47:305.29 is found in Chapter 2.
H.C.R. # 55 suspended all exemptions in Chapter 2, “insofar as they are made applicable to the additional 1% tax levied pursuant to LSA-R.S. 47:331 by virtue of the provisions of R.S. 47:332 ” (emphasis supplied). The provisions of LSA-R.S. 47:332, quoted above, refer broadly to both the limitations and exemptions of Chapter 2, and must necessarily cover LSA-R.S. 47:305.29. Thus, it makes no difference whether LSA-R.S. 47:305.29 was a limitation or an exemption because, when H.C.R. # 55 suspended LSA-R.S. 47:332, it also necessarily suspended LSA-R.S. 47:305.29. And the failure to refer specifically to LSA-R.S. 47:332(A) means only that it was unnecessary to do so, in light of the general reference to LSA-R.S. 47:332. The repeal of Parts (B), (C), and (D) and subsequent rewriting of Part (B) of LSA-R.S. 47:332 by Act 20 of the First Extraordinary Session of 1986, implies only that H.C.R. # 55 suspended all of LSA-R.S. 47:332 left after the repeal — meaning LSA-R.S. 47:332(A). Rewritten LSA-R.S. 47:332(B) merely carries forward that suspension and clarifies it.
I respectfully concur.